IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:24MJ4076 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| | ) | |
| v. | ) | |
| | ) | |
| PHILLIP HURT, | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | | MOTION FOR BILL OF PARTICULARS |

Now comes the United States of America, by and through counsel, Rebecca C. Lutzko, United States Attorney, and Colleen Egan Name, Assistant U.S. Attorney, and hereby files this response in opposition to Defendant Phillip Hurt's Motion for a Bill of Particulars. This motion should be denied because the complaint adequately apprises the Defendant of the charges against him.

Defendant Phillip Hurt is charged with a violation of Title 21, United States Code, Sections 846 and 841(a)(1) (Conspiracy to Possess with Intent to Distribute and to Distribute Fentanyl, and Attempted Possession with Intent to Distribute and Distribution of Fentanyl) in a complaint filed on May 2, 2024, which included a nine page affidavit detailing the facts and circumstances regarding probable cause for the charge. (R. 1: Complaint, PageID 1 and R 1.1: Affidavit, PageID 2-10). On May 6, 2024, the Defendant waive a preliminary hearing under Fed. R. Crim, P, 5.1 or Fed. R. Crim. P. 32.1. (R. 8: Waiver of a Preliminary Hearing, PageID 26). On May 31, 2024, the Defendant executed a waiver of time to indict until July 12, 2024. (R: 12: Waiver of Time to Indict, PageID 40).

Federal Rule of Criminal Procedure 7(f) permits a defendant to seek a bill of particulars only where appropriate.  That is, "to inform the accused of the nature of the charge against with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976)); United States v. Cole, 755 F.2d 748 (11th Cir. 1985); United States v. Hill, 589 F.2d 1344, 1351-52 (8th Cir. 1979); United States v. Cantu, 557 F.2d 1173, 1178 (5th Cir. 1977).

The Complaint in this case describes the nature of the charges against the Defendant. Further, the Defendant has not been indicted in this case as of yet.  Defendant has been apprised of the charges against him, is able to prepare a defense, prevent surprise at trial, and avoid double jeopardy.

A bill of particulars is not a constitutional requirement, Wardius v. Oregon, 412 U.S. 470, 475 (1973), and is addressed to the sound discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of a clear abuse of discretion.  Will v. United States, 389 U.S. 90, 99 (1967); Wong Tai, 273 U.S. at 82; United States v. Panza, 750 F.2d 1141 (2d Cir. 1984); United States v. Key, 717 F.2d 1206, 1210 (8th Cir. 1983); United States v. Giese, 597 F.2d at 1180; United States v. Fischbach & Moore Inc., 576 F. Supp. 1384, 1388 (W.D. Pa. 1983).

Where available, a bill of particulars is not designed to afford the defense a detailed preview of the government's case or to tie the prosecutor, in advance of trial developments, to proof of particular events by particular witnesses.  United States v. Perez, 489 F.2d 51, 70-71 (5th Cir. 1973); Hickman v. United States, 406 F.2d 414, 415 (5th Cir. 1969).  Accord. United States v. Joseph, 510 F. Supp. 1001, 1005 (E.D. Pa. 1981); United States v. Deaton, 448 F. Supp.

532, 537-538 (N.D. Ohio 1978).  Specifically, a bill of particulars may not be employed by a defendant to secure information as to the government's legal theories.  United States v. Gabriel, 715 F.2d 1447 (10th Cir. 1983); United States v. Massimo, 605 F. Supp. 1565, 1582 (S.D.N.Y. 1985); United Statesv. Shoher, 555 F. Supp. 346, 349 (S.D.N.Y. 1983); United States v. Marks, 364 F. Supp. 1022, 1030 (E.D. Ky. 1973), affirmed, 520 F.2d 913 (6th Cir. 1975), reversed on other grounds, 430 U.S. 188 (1975); United States v. Leonelli, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  Nor may a bill of particulars be used to discover the exact evidence which the government intends to introduce at trial.  United States v. Gabriel, supra; United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981); United States v. Armocida, 515 F.2d 49, 54 (3rd Cir. 1975); United States v. Massimo, supra; United States v. Germain, 411 F. Supp. 719, 727-728 (S.D. Ohio 1975); United States v. Marks, 364 F. Supp. at 1030.

    In a bill of particulars, the government is not required to lay before the accused its entire case.  American Tobacco Co. v. United States, 147 F.2d 93, 117 (6th Cir. 1945), affirmed, 328 U.S. 781 (1946).  Nor is a bill of particulars appropriate or necessary where the indictment is not vague and is specific enough to satisfy the purposes of a bill of particulars.  United States v. Finegan, 189 F. Supp. 728, 729 (N.D. Ohio 1960).  Indeed, "[a] bill of particulars should only be required where the charges of an indictment are so general that they did not advise the defendant of the specific acts of which he is accused."  United States v. Matos-Peralta, 691 F. Supp. 780, 791 (S.D.N.Y. 1988).  A bill of particulars is inappropriate and should be denied where, as here, the information has already been provided to a defendant elsewhere, such as in discovery or in other responses or pleadings.  United States v. Taylor, 707 F. Supp. 696, 699 (S.D.N.Y. 1989); United States v. Marquez, 686 F. Supp. 1354, 1361 (N.D. Ill. 1988).

Simply put, a bill of particulars should not be granted when the person seeking it already has the means to ascertain the information. United States v. Skidmore, 123 F.2d 604, 607 (7th Cir. 1941).

The government's case regarding the conspiracy to transport/receive an explosive charge is clear: Defendant Hurt conspired to possess with intent to distribute and to distribute fentanyl an attempted to possess with the intent to distribute and distribution of fentanyl. The Complaint, with its accompanying affidavit, spells out the details of this offense with great specificity.

The Defendant fails to explain how a bill of particulars is needed at this stage of the case prior to Indictment. It is clear that upon review of the Complaint and Affidavit that the Defendant has been provided with the information he now seeks in a bill of particulars, and therefore, his motion should be denied.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | REBECCA C. LUTZKO<br>United States Attorney |
| By: | /s/ Colleen Egan<br>Colleen Egan (OH: 0083961)<br>Assistant United States Attorney<br>United States Court House<br>801 West Superior Avenue, Suite 400<br>Cleveland, OH 44113<br>(216) 622-3758<br>(216)522-7499 (facsimile)<br>Colleen.Egan@usdoj.gov |